**1IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JAMES A. CLARK**                                                                                                **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 2:09cv252-KS-MTP**

**MICHAEL J. ASTRUE, Commissioner,**                                                        **DEFENDANT**
**Social Security Administration**

## REPORT AND RECOMMENDATIONS

This cause of action arises from the denial of Social Security disability insurance benefits. *See* Complaint [1]. Plaintiff and Defendant ("Commissioner") have each filed a dispositive motion. Plaintiff requests [10] the Court to reverse, modify, or remand the Commissioner's final decision rendered through the Administrative Law Judge ("ALJ"), as upheld by the Appeals Council. The Commissioner has moved [22] for an order affirming his decision pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). However, whether the Court reaches the merits of these motions depends on the resolution of a threshold procedural question, namely Plaintiff's [9] Motion to Include Evidence Omitted from the Record on Appeal.

## BACKGROUND

A hearing was held before an ALJ on September 11, 2008 on Plaintiff's application for disability insurance benefits.[1] Plaintiff was represented by counsel. Plaintiff testified in support of his application, and live testimony was also given by Charles G. Miller, a vocational consultant, whose presence was requested by Plaintiff's counsel. *See* Attachment 5 to [8] at 97.

---

[1] The Administrative Record is found at docket entry [8]. The transcript of the hearing is attachment 3 at 20-78.

-1-

The ALJ issued a decision unfavorable to the Plaintiff on September 25, 2008. Attachment 3 at 9-19. She identified the following severe impairments from which Plaintiff suffers: "status post total knee replacement with recurrent instability and mild degenerative disc disease of the cervical spine." *Id.* at 14 (citations omitted). She concluded that "[t]he [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in [the applicable regulations]," *id.* at 15, and found that he

> has the residual functional capacity to perform light work as defined . . . , can lift ten pounds frequently and 20 pounds occasionally, can stand and walk for 30 minutes at a time and up to four hours of an eight hour work day, can sit for up to six hours of an eight hour work day, but must alternate positions every 45 minutes, and cannot push or pull with his left leg.

*Id.* Further, he "is capable of performing past relevant work as a work order detailer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity . . ." *Id.* at 18 (citation omitted). These findings were also based on medical evidence in the form of records of Richard Conn, M.D., of Southern Bone & Joint Specialists (with respect to the knee), and J. D. Dumas, M.D., of the Oak Grove Family Clinic (with respect to the spine).[2]

On October 23, 2008, Plaintiff's counsel requested a review by the Appeals Council of the ALJ's hearing decision. Attachment 3 to [8] at 6-8. On August 1, 2009, the Appeals Council sent counsel the exhibits and recordings he requested, and made allowance for him to "send us more evidence or a statement about the facts and the law in this case." *Id.* at 4. This evidence "must be new *and* material to the issues considered in the hearing decision dated September 23, 2008." *Id*. The notice also provided that no action would be taken for 25 days, and any

---

[2] The medical records are contained in Attachment 8 to [8].

additional information must be sent within that time frame.  *Id.*  An address and fax number were given for this purpose, but caution was given that anything sent by fax should not be sent by mail, as "[t]hat may delay processing your claim."  *Id.*[3]

The Appeals Council, by notice dated October 29, 2009, informed Plaintiff that it "found no reason under our rules to review the [ALJ]'s decision," *id.* at 1, and that his request for review was denied.  The instant cause of action ensued.

## DISCUSSION

### I.

42 U.S.C. § 405(g) governs judicial review of the Commissioner's final decision, and provides, in pertinent part:

> . . . The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in

---

[3]The form on which the Request for Review of Hearing Decision/Order is made also provides for the submission of additional evidence, as well as for an extension of time to do so, subject to a request for such an extension "now."  Attachment 3 at 6.  20 C.F.R. §§ 404.900 (Introduction to administrative review process), 404.970 (Cases Appeals Council will review), and 404.976 (Procedures before Appeals Council on review), do not set a time limit for the submission of new and material evidence.  Critically, the Commissioner does not raise the question of the timeliness of Plaintiff's submission of additional evidence, but merely denies its receipt or, alternatively, materiality.  It should also be noted that the administrative process may be re-opened upon a showing of good cause, including the furnishing of new and material evidence.  20 C.F.R. § 404.989.  *See* discussion *infra* at III. C. (new evidence provided at district court level).

> modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. . . .

The additional evidence which is the subject of Plaintiff's [9] Motion to Include Evidence Omitted from the Record on Appeal is a letter/narrative from Dr. Richard Conn dated October 1, 2009. He wrote:

> I have been treating James Clark since 1998 when I performed a total knee replacement on his left knee. He did well for many years but he began having problems in 2005 as he felt that his knee was going to give way.
>
> I examined Mr. Clark on 11/14/2006. My examination revealed that, upon 30 degrees of flexion, he had medial and lateral instability. He also had some femoral rollback due to soft tissue laxity that had developed over time. I informed Mr. Clark that eventually he would need a revision of the left knee replacement.
>
> I also listed some restrictions on my treatment note, such as not lifting more than 25 pounds and no squatting, climbing ladders, or stairs. I also stated that he should have limitations of walking less than two hours at a time. *By this, I meant that he could not perform the one to four hours per day of walking that was required on his job each work day, five days a week.*
>
> With an unstable knee, he would be in danger of falling and hurting himself, not to mention that the instability would also cause pain upon walking. *Being on his feet for up to four hours per day would exceed the limitations I intended for him.* This is what I meant when I wrote in the records on 11/27/2006 "Unable to work at this time". I hope that this letter clears up any misunderstanding about what was meant by my treatment notes.
>
> I continue to examine Mr. Clark periodically and his limitations have not changed. Please feel free to contact me if you would like further information.

(Emphasis added).[4]

---

[4] The November, 2006 treatment note is located at p. 183 of Attachment 8 to [8]. In contrast to the emphasized language in the October 1, 2009 letter, the last paragraph of the 2006

In reply to the Commissioner's response to this motion [13],[5] Plaintiff offered [18] a Transmission Report of a fax sent to the Appeals Council which he purports to be "a copy of the fax confirmation from the Appeals Council showing that Plaintiff submitted the evidence and that it was received by the Appeals Council on October 1, 2009."  The Commissioner was allowed to file a sur-rebuttal [19-2].  In addition to continuing to deny receipt of Dr. Conn's letter,[6] he assails the materiality of this new evidence.[7]

## II.

### A.

The applicable language of what is known as sentence six of 42 U.S.C. § 405(g) is quoted *supra* at 3-4.[8]  "Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the [Commissioner]'s decision,

---

note reads: "It is my opinion that this gentleman should be precluded from any type of lifting greater than 25 pounds, no squatting, and climbing ladders or stairs.  He should have limitations of walking less than two hours at a time.  The fact that he is facing revision surgery is discussed again at this time."  Following the typewritten note is Dr. Conn's handwritten addition: "11/27/06 unable to work @ this time."

[5]The Commissioner asserts that "[t]he Appeals Council has no record of receiving Dr. Conn's October 1, 2009, letter.  The Notice of Appeals Council Action in the record does not indicate that the Appeals Council received or considered any new evidence. (Tr. 1-2). Accordingly, Dr. Conn's . . . letter was not included in the administrative transcript of record, and should not be considered by the Court in Plaintiff's appeal." [13] at 1.

[6]"Although the fax confirmation report submitted by Plaintiff shows that Plaintiff's counsel faxed the letter to the Appeals Council, the report does not establish that the Appeals Council received the letter." [19-2] at 2.

[7]The Commissioner concedes that Dr. Conn's letter is "new, as it was not in existence at the time of the ALJ's decision , . . ." [19-2] at 3 (citations omitted).

[8]Beginning with "The Court . . ." and concluding with " . . . was based."

but only if the claimant shows good cause for failing to present the evidence earlier." *Melkonyan v. Sullivan*, 501 U.S. 89, 100, 111 S. Ct. 2157, 2164 (1991).[9]

The Commissioner, by denying the receipt of Dr. Conn's October 1 letter, does not address the "good cause" component; instead, in the motion [22] and supporting memorandum[23] for an order affirming his decision, as well as in the opposition to the request to include the letter in the record, he concentrates on the ALJ's findings and conclusions. While seeking to add evidence not before the ALJ or the Appeals Council, the Plaintiff, in his motion [10] and supporting memorandum [11] for reversal, modification, or remand, also focuses on alleged errors committed by the ALJ.

Because of the recommended disposition in this case, and consistent with *Melkonyan*, *supra*, it is unnecessary to issue a ruling "in any way as to the correctness of the administrative decision." 501 U.S. at 98, 111 S. Ct. at 2163.[10] The Court will, however, address the remand request.

**B.**

The apparent failure of the Appeals Council to receive Plaintiff's counsel's October 1, 2009 letter and attached medical evidence is a mystery that probably will never be solved.

---

[9]Accompanying n.2 to this quote applies with equal force here: "Sentence six also authorizes the district court to remand on motion by the [Commissioner] made before the [Commissioner] has filed a response in the action. That subcategory of sentence six remands [not quoted *supra* at 3] is not implicated in this case." *Id.*

[10]Dr. Conn's original handwritten statement that Plaintiff is "unable to work @ this time" is not a factor in this Court's decision. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) ("Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.'") (citation omitted). The dominant concern for the Court is the new evidence clarifying the underlying basis for this conclusion.

Again, it does not seem to be the Commissioner's position that Plaintiff's counsel did not send the letter. The letter with the Transmission Report [18-1] shows the same address, ATTN line, and fax number found in the Appeals Council's letter of August 1, 2009. Attachment 3 to [8] at 4. Thus, it is accepted by this Court that Plaintiff attempted to send more evidence, and it cannot be said that good cause does not exist for considering it.[11] This leaves the issue of materiality to be addressed.

In his sur-rebuttal [19-2] at 3 n.1, the Commissioner claims that "[t]he Appeals Council must return newly-submitted evidence to the claimant that does [sic] relate to the period on or before the date of the ALJ's decision, see 20 C.F.R. § 404.976(b), but need not return evidence that it declines to consider because it is not new and material, see Jones v. Astrue, 228 Fed. Appx. 403, 408 (5th Cir. 2007)." However, 20 C.F.R. § 404.976(b)(1) actually reads:

> If you submit evidence which does *not* relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application.

(Emphasis added). *See* n.7 *supra* (Commissioner does not dispute newness of offered evidence). The *Jones case* is easily distinguishable; there, the Appeals Council not only considered new

---

[11]"The inquiry concerning 'good cause' is directed at determining whether consideration of the additional evidence '[is] necessary to a just determination of claimant's application.'" *Carry v. Heckler*, 750 F.2d 479, 486 (5th Cir. 1985) (citations omitted). Combined with the notion that "Social Security proceedings are inquisitorial rather than adversarial," *Sims v. Apfel*, 530 U.S. 103, 110-11, 120 S. Ct. 2080, 2085 (2000), including the admittedly new evidence in the record for further review allows for a just determination of Plaintiff's application for benefits. Along this line, *Sims* pointed out that "[t]he differences between courts and agencies are nowhere more pronounced than in Social Security proceedings. Although '[m]any agency systems of adjudication are based to a significant extent on the judicial model of decisionmaking,' . . . the SSA is '[p]erhaps the best example of an agency' that is not, . . ." *Id*. at 110. *See also* 20 C.F.R § 404.900(b) ("[W]e conduct the administrative process in an informal, nonadversary manner.").

evidence presented to it, but addressed it. The court observed that "Section 405(g) applies . . . where the claimant presents new evidence to the district court that was *not* reviewed by the Commissioner and thus was *not* made a part of the record." 228 Fed. Appx. at 407 (emphasis added; footnote omitted).[12]  Of course, it is difficult to conceive of not returning (or, for that matter, not considering) something that is claimed to have never been received.

### C.

*Chaney v. Schweiker*, 659 F.2d 676 (5th Cir. 1981), established the standard by which materiality is assessed. The court held "that a remand to the [Commissioner] is not justified if there is no reasonable possibility that it would have changed the outcome of the [Commissioner]'s determination." *Id.* at 679 (accompanying n.4 "decline[d] to endorse the position . . . that such evidence must be reasonably likely to have resulted in a different decision by the Commissioner" (citations omitted)). *See also Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (citing *Chaney*).

In *Parks v. Harris*, 614 F.2d 83 (5th Cir. 1980), the applicant for benefits offered to the district court at the summary judgment stage "additional evidence of his disabilities which had not been presented to either the administrative law judge or the Appeals Council." *Id.* at 84. Observing that "[t]he medical evidence of Parks' sleep disorder relied upon by the district court in awarding benefits to Parks was outside the administrative record and therefore not properly before the court," *id.*, the court of appeals quoted sentence six of 42 U.S.C. § 405(g) and concluded:

---

[12]The court further explained: "In the statement Jones objects to, the magistrate was not applying a standard for remand based on new evidence but rather was affirming the Appeals Council's assessment of evidence in the record." *Id.*

> Under the circumstances the district court should have remanded the case to the [Commissioner], directing that she review the case in light of the additional medical evidence presented by Parks. The new evidence of Parks' medical condition is highly relevant, probative, and must be considered before a rational determination of his disability status can be made.

614 F.2d at 84-5 (citation omitted). *Accord Carry v. Heckler,* quoted *supra* n.11 (stage of litigation included remand from district court to Commissioner when new evidence was first brought to district court's attention; procedural posture was crucial to decision; case is instructive on Social Security administrative process).

The Commissioner's attempt in the instant case to discount Dr. Conn's October 1, 2009 clarification in essence ignores it by relying on the restrictions originally considered by the ALJ [19-2] at 4. The Commissioner's argument emphasizes the hypothetical nature of expecting the Court to engage in the exercise of initially evaluating new evidence, which is properly left to the Commissioner. At this point the Court can only determine materiality and, based on the additional evidence presented, believes that there is a reasonable possibility that it would have changed the Commissioner's determination, especially as it deals directly with Plaintiff's limitations, which in turn relates to his residual functional capacity.

## **CONCLUSION**

It is recommended that Plaintiff's Motion to Include Evidence Omitted from the Record on Appeal [9] be **GRANTED**. It is further recommended that Plaintiff's [10] Motion for Reversal, Modification or Remand be **GRANTED** to the extent it seeks a remand of this case, and deemed **MOOT** as to the request for reversal or modification.

Plaintiff's [10] motion also contains a request that, in the event of a remand, the Court direct that a new ALJ be assigned and that the same vocational expert used in the original hearing

should be called to testify. Plaintiff's [11] brief only makes a general comment "that this court remand his case for further administrative proceedings in accordance with the [Commissioner]'s rules and regulations, and the applicable law of this court." Plaintiff's failure to offer substantive argument on a new ALJ and original vocational expert in his brief indicates an abandonment of these issues. In any event, it should be understood that the Court declines to impose such requirements on the Commissioner upon remand.

The primary recommendation is that this matter be **REMANDED** to the Commissioner for consideration of Dr. Richard Conn's October 1, 2009 letter/narrative and the weight to be given to it. In light of this recommendation, it is appropriate to treat the Commissioner's [22] Motion to Affirm his Decision as **MOOT**.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. 28 U.S.C. § 636(b)(1); *Douglass v. United Services*

*Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).[13]

       THIS the 28th day of October, 2010.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge

---

    [13]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.