**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JAMES A. CLARK**                                                                 **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 2:09-CV-252-KS-MTP**

**MICHAEL J. ASTRUE,
Commissioner, Social Security Administration**                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Presently before the Court are Plaintiff's motions seeking fees and costs under the Equal Access to Justice Act [33, 42]. For the reasons stated below, the motions are **granted**.

**I. BACKGROUND**

On December 11, 2009, Plaintiff filed his Complaint [1] for review of the Commissioner's final decision denying his application for disability benefits. Plaintiff alleged that the Appeals Council failed to consider all the evidence presented to it for review. On October 28, 2010, the Magistrate Judge entered a Report and Recommendations [29] in which he recommended that the Court remand the case for consideration of a piece of evidence not considered in the agency's previous decision. On December 9, 2010, the Court adopted the Magistrate Judge's Report and Recommendations and remanded the case to the Commissioner for consideration of the new evidence. The Court made no decision regarding the correctness of the agency's decision.

Upon remand, the case was referred to an Administrative Law Judge ("ALJ") for a hearing and a new decision. On May 26, 2011, the ALJ issued a decision, finding that Plaintiff had been disabled since December 1, 2006. Plaintiff subsequently filed motions seeking fees and costs under the Equal Access to Justice Act ("EAJA"), which the Court now considers.

## II. DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . , incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "In order to receive an award of attorney's fees pursuant to the EAJA: (1) the claimant must be a 'prevailing party,' (2) the claimant must 'incur' attorney's fees, (3) the government's position must not have been 'substantially justified,' and (4) 'special circumstances' cannot render an award of fees unjust." *Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011)(quoting 28 U.S.C. § 2412(d)(1)(A)). In the present case, it is undisputed that Plaintiff is a prevailing party, that he incurred attorney's fees, and that there are no special circumstances which render an award of fees unjust. The sole issue for the Court's determination is whether the Commissioner's position was substantially justified.

### A.   *Substantial Justification*

"The burden of proving substantial justification falls to the Government." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). The "substantially justified" standard has been articulated in a variety of ways. The Fifth Circuit has held:

> For a government decision to be considered substantially justified under the EAJA, the Court must find that a genuine dispute exists in the case. The government's decision must be justified to a degree that could satisfy a reasonable person. Moreover, the EAJA requires the district court to conduct its substantial justification analysis on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Nail v. Martinez*, 391 F.3d 678, 684 (5th Cir. 2004) (internal citations and punctuation omitted).

Additionally:

> Substantially justified means justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person. In other words, it means a reasonable basis both in law [and] in fact. To be substantially justified means more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.

*Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001) (internal citations and punctuation omitted). "The fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Id.* Further, a government agency's actions may be "arbitrary and capricious," yet nonetheless "substantially justified." *Nail*, 391 F.3d at 684.

When conducting a substantial justification analysis, the Court must examine both "the position taken by the United States in the civil action," and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Therefore, although the Court expressly declined to address the merits of Plaintiffs claims and determine whether the Commissioner's decision to deny disability benefits was correct, it must now assess the substantial justification of the agency's actions in addition to the Commissioner's litigation positions.

With respect to the agency's actions, it is undisputed that the ALJ did not have the benefit of Dr. Conn's supplemental statement before rendering the initial decision in this matter. Further, it is undisputed that the Appeals Council allowed Plaintiff until August 26, 2009, to submit additional materials in support of his claim, and that Plaintiff failed to submit the supplemental letter from Dr. Conn until October 1, 2009. Finally, Plaintiff argues that the Government's denial that it received Dr. Conn's letter is not substantially justified in light of the undisputed evidence that Plaintiff faxed it to the correct number, but other courts have held that negligent agency actions prior to litigation are not determinative in the substantial justification analysis. *See Cummings v. Sullivan*,

950 F.2d 492, 500 (7th Cir. 1991) (Appeals Council's failure to review new evidence due to its own clerical failure was not determinative in the court's substantial justification analysis); *Amidon v. Lehman*, 730 F.2d 949, 952 (4th Cir. 1984) (EAJA was not intended to compensate parties for Government's negligent actions during the administrative process).

The Commissioner argues that his litigation position was substantially justified because the Court remanded Plaintiff's case pursuant to sentence six of 42 U.S.C. § 405(g). Sentence six provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the original findings of fact and decision.

42 U.S.C. § 405(g). The Fifth Circuit has declined to address the issue of attorney's fees in sentence six remands. *Rice v. Astrue*, 609 F.3d 831, 833 n. 3 (5th Cir. 2010). However, it is clear that when a district court remands a case pursuant to sentence six, it does not "rule in any way as to the correctness of the administrative determination." *Dudley v. Astrue*, 246 F. App'x 249, 251 (5th Cir. 2007); *see also Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996) (sentence six remands do not result from any error by the Commissioner). Further, the Supreme Court of the United States has stated in dicta that a claimant is entitled to EAJA fees after succeeding on a sentence six remand – unless the Commissioner's position was substantially justified. *Melkonyan v. Sullivan*, 501 U.S. 89, 102, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991).

In support of his argument, the Commissioner cites cases holding that an agency can not be faulted for rendering a decision without the benefit of evidence that was never presented to it. *See Skidds v. Astrue*, No. 05-CV-383-SM, 2008 WL 1767053, *2 (D.N.H. Apr. 15, 2008). However, this argument focuses solely on the substantial justification for the agency's pre-litigation actions, which the Court has already addressed. The Court must also address the Commissioner's litigation positions. The only issue that the Court has ruled on was the remand of this matter for consideration of the new evidence. Therefore, the Court will assess whether the Commissioner's position regarding remand was substantially justified.

Sentence six allows the Court to remand for consideration of new and material evidence even if it is first submitted to this Court. 42 U.S.C. § 405(g). The Commissioner conceded that the evidence in question – Dr. Conn's letter of October 1, 2009 – was new. However, the Commissioner argued that the letter was immaterial. "For new evidence to be material, there must exist the reasonable possibility that it would have changed the outcome of the [agency] decision." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). The Commissioner argued that the letter was immaterial because it contained the same substantial information that Dr. Conn provided in his treatment notes, and the ALJ gave little credit to the testimony when offered the first time. The Commissioner argued that there was no reasonable possibility that Dr. Conn's "retroactive explanation" of his treatment notes would have changed the ALJ's decision.

Of course, the Court ruled that Dr. Conn's supplemental letter was material, and, therefore, the Court remanded this matter. Furthermore, Dr. Conn's letter obviously changed the ALJ's decision, as Plaintiff was successful on remand. Nonetheless, the Fifth Circuit has held that a court's agreement or disagreement with the Commissioner's position does not establish whether it was

5

substantially justified. *Sims*, 238 F.3d at 602. Likewise, the Court is disinclined to hold that the Plaintiff's success on remand – by itself – is sufficient to declare the Commissioner's litigation position substantially unjustified.

Dr. Conn's treatment notes of November 14, 2006,[1] included a list of bare facts concerning Plantiff's condition and treatment. At the end of the statement, Conn stated, "It is my opinion that this gentleman should be precluded from any type of lifting greater than 25 pounds, no squatting, and climbing ladders or stairs. He should have limitations on walking less than two hours at a time." It appears that Dr. Conn also added a handwritten note, dated November 27, 2006, that reads: "unable to work @ this time."

Dr. Conn's October 2009 letter[2] is substantially different in form than the November 2006 treatment notes. The letter contains a narrative of Conn's professional dealings with Plaintiff, and it contains the same bare facts as the initial statement. Conn attempted to put the facts into context, and he clarified his opinion regarding Plaintiff's capabilities:

> I also listed some restrictions on my treatment note, such as not lifting more than 25 pounds and no squatting, climbing ladders, or stairs. I also stated that he should have limitations of walking less than two hours at a time. By this, I meant that he could not perform the one to four hours per day of walking that was required on his job each work day, five days a week.

> With an unstable knee, he would be in danger of falling and hurting himself, not to mention that the instability would also cause pain upon walking. Being on his feet for up to four hours per day would exceed the limitations I intended for him. This is what I meant when I wrote in the records on 11/27/2006 "Unable to work at this time."

---

[1] A copy of Dr. Conn's November 14, 2006, treatment notes can be found in the docket at page 4 of Document 8-8.

[2] A copy of Dr. Conn's October 1, 2009, letter can be found in the docket at pages 3-4 of Document 12-2.

Therefore, Conn's letter of October 1, 2009, contained a more thorough explanation of his medical opinion than the treatment notes of November 14, 2006.

In the ALJ's initial decision,[3] she found that Plaintiff had a residual function capacity to perform light work, that he could lift ten pounds frequently and twenty pounds occasionally, that he could stand and walk for thirty minutes at a time and up to four hours of an eight-hour work day, and that he could sit for up to six hours of an eight-hour work day. She found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible because he failed to present objective evidence. She further found that Plaintiff was capable of performing past relevant work as a work order detailer, as it did not require the performance of activities precluded by his residual functional capacity. Accordingly, the ALJ concluded that Plaintiff had "not been under a disability within the meaning of the Social Security Act."

After examining the above documents, the Court concludes that the government was not substantially justified in its position that Dr. Conn's letter of October 1, 2009, was not material to the agency's decision. "For new evidence to be material, there must exist the reasonable possibility that it would have changed the outcome of the . . . decision." *Latham*, 36 F.3d at 483. Dr. Conn's October 1, 2009, letter bolstered the credibility of Plaintiff's claims regarding pain. Further, Dr. Conn clarified his opinion regarding Plaintiff's work limitations, stating that Plaintiff could not perform the one to four hours of walking each day that his job required. There is a reasonable possibility that this information would have changed the outcome of the agency's original decision. Indeed, it *did* change the outcome of the agency's decision.

Therefore, the Court concludes that the Commissioner's litigation position was not

---

[3]A copy of the ALJ's decision can be found at pages 13-20 of Document 8-3.

substantially justified. While the Commissioner's actions prior to litigation were substantially justified, the Court notes that all of the fees requested by Plaintiff were accrued after litigation began. Accordingly, the Court holds that Plaintiff may receive an award of fees under the EAJA.

### B. *The Amount of Fees*

EAJA awards are "not limited to a particular amount." *Murkledove*, 635 F.3d at 789. Rather, "EAJA fees are determined . . . by the time expended and the attorney's hourly rate." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (citing 28 U.S.C. § 2412(d)(1)(B)) (internal citation and punctuation omitted). An EAJA fee request must include an itemized statement from the claimant's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). "The court, in its discretion, may reduce the amount to be awarded . . . to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The fee request must be reasonable, and it "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff presented a declaration from his attorney, and an itemized statement of the time expended in this matter. Therefore, Plaintiff complied with the EAJA's prerequisites for fees. Plaintiff also argues that the statutory cap of $125.00 per hour should be adjusted upward to $174.54 per hour to reflect an increase in the cost of living. Plaintiff's argument is well-taken, and the Court

holds that the statutory cap should be increased to $174.54 per hour. Finally, Plaintiff's attorney expended a total of 69.50 hours in this matter, and the Court finds that this was a reasonable amount of time. Accordingly, the Court awards Plaintiff $12,130.53[4] in attorney's fees and $350.00 in costs.

### III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motions for fees and costs pursuant to the EAJA [33, 42]. The Court awards Plaintiff $12,480.53 in attorney's fees and costs.

SO ORDERED AND ADJUDGED this 30th day of August, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[4] (69.50 hours)($174.54 per hour) = $12,130.53